IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Med Life Lab, Inc., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 24-CV-3571 ) ) Honorable Joan B. Gottschall |
| Hartford Underwriters Insurance Co., | ) ) |
| Defendant. | ) |

## ORDER

This diversity commercial insurance coverage dispute comes before the court on defendant's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss Counts II and III of the three-count complaint for failure to state a claim upon which relief can be granted. For the reasons discussed herein, the court grants the motion in part and denies it in part.

### THE COMPLAINT

For purposes of defendant's motion, the court accepts the complaint's well-pleaded factual allegations as true and draws reasonable inferences in plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Hartford Underwriters Insurance Co. ("Hartford"), is the insurer. Compl. ¶¶ 13–14, ECF No. 1. Med Life Lab, Inc. ("Med Life"), is the insured. *Id.* On December 29, 2022, a pipe burst at Med Life's laboratory testing facility in Oak Lawn, Illinois. Compl. ¶ 15. Med Life alleges that the roof and ceiling collapsed, damaging its laboratory equipment and causing its business to cease operating. Compl. ¶ 15.

Med Life filed a claim under the pertinent Hartford policy. *See* Compl. ¶¶ 16, 23–30. Hartford made two payments totaling $91,867. *See* Compl. ¶ 16. "[T]hese funds," alleges Med Life, "were significantly insufficient to restart the business." Compl. ¶ 17. Furthermore, Med

Life pleads that Hartford significantly delayed[1] issuing partial payments, forcing Med Life to close its business and spoiling "any chance of business restoration." Compl. ¶¶ 18–22.

The payments Hartford issued covered Med Life's "repair expenses" and its "loss of the laboratory equipment." Compl. ¶ 16. But "Hartford declined to issue any payment for loss of business income and expenses." Compl. ¶ 23. In its complaint, Med Life disputes that aspect of Hartford's coverage determination and seeks damages compensating it for "business interruption" and "actual loss of business income." Compl. ¶¶ 1, 23.

The complaint has three counts: a breach-of-contract (*i.e.*, the insurance policy) claim in Count I; a declaratory judgment claim in Count II; and a claim in Count III under § 155 of the Illinois Insurance Code, 215 ILCS 5/155, for unreasonable and vexatious conduct. Compl. ¶¶ 27–46.

## ANALYSIS

To satisfy the federal notice pleading standard, a complaint must plead a "plausible" claim; "it cannot be merely conceivable or speculative." *Taylor v. Salvation Army Nat'l Corp.*, 110 F.4th 1017, 1028 (7th Cir. 2024) (citing *Iqbal*, 556 U.S. at 678, and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to render a claim plausible. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Hartford does not challenge the sufficiency of the breach-of-contract claim in Count I.

**A. Declaratory Judgment Claim (Count II)**

In its response brief, Med Life "agrees with Defendant that Count II for 'Declaratory Relief' should be dismissed and requests this Honorable Court to grant Defendant's Motion to Dismiss Count II." ECF No. 22 at 4. Based on Med Life's concession, Hartford's motion to dismiss Count II is granted.

---

1. The complaint does not specify the length of the delay, but in its response brief, Med Life represents that Hartford took four months to make partial payments. ECF No. 22 at 2.

B. Section 155 Claim (Count III)

§ 155 of the Illinois Insurance Code provides in pertinent part:

> In any action by or against a company wherein there is in issue the liability of a company under a policy or policies of insurance or the amount of the loss payable thereunder, or for an unreasonable delay in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorney fees [and] other costs.

215 ILCS 5/155 (West 2024).

The Illinois legislature enacted § 155 "to punish insurance companies for vexatiously delaying or rejecting legitimate claims by holding insurers responsible for the 'expense resulting from the insured's efforts to *prosecute* the *claim*,' and discouraging them from using their 'superior financial position by *delaying payment* of legitimate contractual obligations' to profit at the insured's expense." *Cook ex rel. Cook. v. AAA Life Ins. Co.*, 2014 IL App (1st) 123700, ¶ 47 (quoting *Neiman v. Economy Preferred Insurance Co.,* 829 N.E.2d 907, 917 (Ill. App. Ct. 1st Dist. 2005)) (emphasis in original). "Section 155 does not create a cause of action but rather 'provides an extracontractual remedy for policyholders who have suffered unreasonable and vexatious conduct by insurers with respect to a claim under a policy.'" *Creation Supply, Inc. v. Selective Ins. Co. of the Se.*, 995 F.3d 576, 579 (7th Cir. 2021) (quoting *Cramer v. Ins. Exch. Agency*, 675 N.E.2d 897, 902 (Ill. 1996); other citation omitted).

Hartford first argues that Count III should be dismissed because it is pleaded separately from the breach-of-contract claim in Count I, even though § 155 is a remedies provision. *See* Mem. Supp. Mot. Dismiss 8–9, ECF No. 17. The Federal Rules of Civil Procedure eschew such a formalistic approach to pleading. "A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." FED. R. CIV. P. 8(d)(2). Under federal pleading rules, then, Med Life was free to separate its breach-of-contract and § 155 allegations into two counts. Indeed, "Section 155 claims usually proceed right alongside breach-of-contract claims." *Creation Supply, Inc.*, 995 F.3d at 578. Hartford's bid to dismiss Count III because it depends on the breach-of-contract claim is

3

rejected. *See Nat'l Union Fire Ins. Co. of Pittsburgh v. Lovekamp*, 2025 WL 473982, at *4 (N.D. Ill. Feb. 12, 2025).

Next, Hartford draws a distinction between two types of § 155 claims: (1) unreasonable and vexatious denial of coverage; and (2) unreasonable and vexatious delay in settlement. The Illinois appellate court has construed § 155 differently—§ 155 "lists the types of claims against insurance companies that may be eligible for section 155 relief: (1) lawsuits that place at issue whether the company is liable to pay for loss pursuant to an insurance policy, (2) assuming liability, lawsuits involving how much the company must pay pursuant to the insurance policy, or (3) lawsuits about whether the company is liable to pay for an unreasonable delay in settling a claim." *Moles v. Ill. Farmers Ins. Co.*, 2023 IL App (1st) 220853, ¶ 23. The statute "does not *create* an action for unreasonable delay in settling a claim. Rather, an action alleging unreasonable delay in settling an insurance claim is one of three types of lawsuits that *trigger the application* of section 155." *Id.* (emphasis in original) (explaining that this construction is consistent with *Cramer*, 675 N.E.2d 897). This is a lawsuit about how much Hartford must pay under the applicable insurance policy, so it triggers § 155.

Since § 155 applies, the question becomes whether the complaint plausibly alleges "action or delay" on Hartford's part that "is vexatious and unreasonable." 215 ILCS 5/155. Section 155 relief may be awarded "only where . . . the insurer's behavior was willful and without reasonable cause. This means that an insurer's conduct is not vexatious and unreasonable if: (1) there is a bona fide dispute concerning the scope and application of insurance coverage; (2) the insurer asserts a legitimate policy defense; (3) the claim presents a genuine legal or factual issue regarding coverage; or (4) the insurer takes a reasonable legal position on an unsettled issue of law." *Citizens First Nat'l. Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000) (internal quotations and citations omitted). "Conclusory allegations that an insurer acted vexatiously or unreasonably, 'without some modicum of factual support,' are insufficient to state a plausible claim for relief under section 155." *Bao v. MemberSelect Ins. Co.*, 2022 WL 1211509, at *3 (N.D. Ill. Apr. 25, 2022)

(quoting *Scottsdale Ins. Co. v. City of Waukegan*, 2007 WL 2740521, at *2 (N.D. Ill. Sept. 10, 2007)); *see id.* at *3–4 (collecting cases dismissing § 155 claims at the complaint stage). A § 155 claim may also be dismissed at the pleading stage "when a bona fide dispute regarding coverage is apparent from the face of the complaint." *Fed. Ins. Co.* v. *Healthcare Info. & Mgmt. Sys. Soc'y, Inc.*, 567 F. Supp. 3d 893, 901 (N.D. Ill. 2021) (citation omitted).

Med Life's complaint contains the following well-pleaded factual allegations supporting its allegation of vexatious and unreasonable conduct:

> 18. The Hartford partial payment took so long to process, that the Plaintiff was unable to find additional capital to replace their laboratory equipment and the Plaintiff was forced to close.
>
> 19. Hartford's delay in processing coverage to replace the laboratory equipment, spoiled any transit coverage and prevented any chance of business restoration.
>
> 20. By the time, [sic] Hartford covered the cost of the laboratory equipment, all of the customers of the Plaintiff found other sources to perform their lab testing work.
>
> 21. More important, all of the key employees had no choice but to find other employment.
>
> 22. Key employees are difficult to find and are in high demand in the laboratory testing business.

Compl. ¶¶ 18–22.

Together, the allegations quoted above provide Hartford with "fair notice" of Med Life's § 155 delay claim "and the grounds on which it rests," which is all that a complaint needs to do to survive a Rule 12(b)(6) motion. *Twombly*, 550 U.S. at 555; *see GCI Consol., LLC v. Allied Prop. & Cas. Ins. Co.*, 2024 WL 3226578, at *2 (N.D. Ill. June 28, 2024); *Souza v. Erie Ins. Co.*, 2023 WL 4762712, at *7 (N.D. Ill. July 25, 2023) (citing *Wheeler v. Assurant Specialty Prop.*, 125 F. Supp. 3d 834, 841 (N.D. Ill. 2015)); *Tower Crossing Condo. Ass'n, Inc. v. Affiliated FM Ins. Co.*, 2023 WL 1069852, at *5 (N.D. Ill. Jan. 27, 2023). "When deciding whether a delay is vexatious and unreasonable, a court must consider 'the totality of the circumstances, taken in broad focus. Neither the length of time, the amount of money involved, nor any other single

factor taken by itself is controlling . . . .' " *Saslow v. Bankers Standard Ins. Co.*, 2024 WL 4298958, at *29 (N.D. Ill. Sept. 26, 2024) (quoting *Cook ex rel. Cook. v. AAA Life Ins. Co.*, 2014 IL App (1st) 123700). The record here must be further developed before the court can conduct the required analysis. The court rules only that the complaint includes the "modicum of factual support" needed to state a plausible § 155 claim of vexatious and unreasonable conduct. *Farmers Ins. Exch.* v. *Cheekati*, 2022 IL App (4th) 210023, ¶ 33 (citation omitted) (applying Illinois' more demanding fact pleading standard).

In its motion to dismiss, Hartford cites cases dismissing § 155 delay claims at the complaint stage. In the cited cases, however, the complaint's allegations showed conclusively that the insurer's delay resulted from a bona fide coverage dispute. *E.g.*, *Bao*, 2022 WL 1211509, at *4; *Scottsdale Ins. Co.*, 2007 WL 2740521, at *2; *see also Hartford Accident & Indem. Co. v. Lin*, 97 F.4th 500, 511 (7th Cir. 2024) (affirming dismissal at summary judgment). But Med Life's complaint does not provide any plausible reason to believe that Hartford delayed its initial payments to Med Life due to a bona fide coverage dispute. True, the complaint does not say why Hartford delayed. *See* Compl. ¶¶ 18–22. But the briefing and record suggest no reason to believe that, without discovery, Med Life should be expected to know Hartford's reasons. The court's "expectations at the pleading stage must be commensurate with the information available at this pre-discovery stage." *Taylor v. Salvation Army Nat'l Corp.*, 110 F.4th 1017, 1029 (7th Cir. 2024) (citing *Bausch v. Stryker Co.*, 630 F.3d 546, 561 (7th Cir. 2010)). Consistent with this principle and in view of the catastrophic nature of Med Life's alleged loss, it need not plead Hartford's reason for delay.

For the reasons stated, defendant's motion to dismiss Counts II and III of the complaint is granted in part and denied in part. The complaint's claim for a declaratory judgment in Count II is dismissed as withdrawn by plaintiff. Defendant's motion to dismiss Count III is denied.

Date: March 11, 2025                                    /s/ Joan B. Gottschall
                                                        United States District Judge